IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(1) Haddrick Byrd, AF-5828         :

               Plaintiff     :

                           :     Civil Rights Complaint

       SCI-Frackville            :

       1111 Altamont Blvd.       :     3:20-CV-0164

       Frackville, PA. 17931      :     (Case Number)

                           :

              V.             :

                           :

(1) Superintendent Kathy Brittain    :

(2) Deputy Superintendent Lori White   :

(3) Deputy Superintendent J. Meintel   :

(4) Major Nathan Wynder            :

(5) Security Captain Robert Reese     :

(6) Correctional Officer Cory Warford :

              Defendants

**FILED
SCRANTON**

JAN 3 1 2020

PER _____
          DEPUTY CLERK

TO BE FILED UNDER: ✓ 42 U.S.C. § 1983 - STATE OFFICIALS

1. Previous Lawsuits

     See Byrd V. Shannon, 715 F.3d 117, 124(B)(3d cir. 2013).

2. Pending Lawsuit See Byrd V. Brittain, C.A. No. 1:19-CV-0059

1

## II.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A.   Is there a prisoner grievance procedure available at your present institution? ✓ Yes _____ No

B.   Have you fully exhausted your available administrative remedies regarding each of your present claims? ✓ Yes _____ No

C.   If your answer to "B" is Yes:

    1.  What steps did you take? I filed an inmate official Grievance, Second Level Appeal, and Appeal to final review.

    2.  What was the result? All the Appeals were Denied.

D.   If your answer to "B" is No, explain why not: N/A

## III.   DEFENDANTS

(1) Name of first defendant: See Next Page

Employed as _____ at _____
Mailing address: _____
(2) Name of second defendant: See Next Page
Employed as _____ at _____
Mailing address: _____
(3) Name of third defendant: See Next Page
Employed as _____ at _____
Mailing address: _____
(List any additional defendants, their employment, and addresses on extra sheets if necessary)

## IV. STATEMENT OF CLAIM

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets if necessary.)

1.  

See Pages 4-7 herein.

2

III. DEFENDANTS:

      (1) Superintendent Kathy Brittain
           Facility Manager
           1111 Altamont Blvd.
           Frackville, PA. 17931

      (2) Deputy Superintendent Lori White
           For facility Operations
           1111 Altamont Blvd.
           Frackville, PA. 17931

      (3) Deputy Superintendent James Meintel
           For Facility Services
           1111 Altamont Blvd.
           Frackville, PA. 17931

      (4) Major Nathan Wynder
           Supervisor of the guards
           1111 Altamont Blvd.
           Frackville, PA. 17931

      (5) Security Captain Robert Reese
           Overseer of Security Operatios
           1111 Altamont Blvd.
           Frackville, PA. 17931

      (6) Correctional Officer Cory Warford
           1111 Altamont Blvd.
           Frackville, PA. 17931

STATEMENT OF COMPLAINT

1. The Department of Corrections has a long standing policy prohibiting "Loud talking, whistling, singing or any other boisterous behavior on the housing unit."

2. The Plaintiff was repeatedly complaining to the staff here at the institution how some correctional officers (CO's) were constantly violating the prohibited rule by whistling on the housing unit to show their resentment towards me knowing the whistling is offensive to my religious beliefs.

3. On January 31, 2018, I sent a request slip to Captain Reese and Superintendent Briitain complaining how CO Pottage was now violating the housing unit rule trying to provoke me and set me up so that he could file a misconduct report against me and have me placed in the restrictive housing unit.

4. On August 29, 2018, the Department of Corrections imposed a statewide lock-down within their correctional institutions.

5. On September 5, 2018, while I was locked in my cell because of the imposed lock-down of the institution CO Warford and CO Pottage along with about three (3) other CO's came on B-wing of A-block to pass-out food-trays around 4:10 P:M.

6. The food-trays ran out and so the CO's told CO Warford to go and get five (5) more food-trays.

7. After taking about five to ten minutes when CO Warford only had to walk a short distance to the front of the wing to get the food-trays.

8. When CO Warford came back with the five (5) food-trays he gave two (2) food-trays to the inmates on the fourth tier across from my cell.

9. CO Warford then came around to the third tier and passed by my cell (42-cell), and went to the cell next door to my cell (41-cell), and passed out two (2) food-trays to the inmates in that cell.

10. CO Warford then came back to my cell (42-cell), and gave me the food-tray that he had placed on the bottom.

11. After having ate my food on the tray I started feeling an intense burning sensation inside of my stomach and upper-chest that was very painful.

12. So when Lt. Allen passed by my cell on September 6, 2018, the next morning I told him that CO Warford had poisoned my food-tray through the

4

unlawful use of some kind of chemical substance.

13. So Lt. Allen told me that he would inform Captain Purnell about what I said had happened.

14. On September 8, 2018, a nurse came around taking a sick-call list because the institution was still under a lock-down.

15. So I stopped the nurse and told her that I needed to sign-up for sick-call because CO Warford had poisoned my food-tray through the unlawful use of some kind of chemical substance.

16. The nurse told me that I would be seen by a doctor the next day on September 9, 2018.

17. The next day September 9, 2018, another nurse name cress came around and I told him too that CO Warford had poisoned my food-tray through the unlawful use of some kind of chemical substance and nurse cress told me to put in a sick-call slip.

18. Therefore, I sent in a sick-call slip on September 10, 2018, because the institution was no longer under the lock-down and I still wasn't called to see a doctor.

19. So I believed that the staff was trying to cover-up how CO Warford had poisoned my food-tray and so I feared to follow-up on being seen by a doctor after what CO Warford did to me.

20. So for ten (10) days I was experiencing an intense burning in my stomach and upper-chest while trying to flush-out the chemical substance in my system by drinking a lot of cold water.

21. The intense pain from the burning sensation in my stomach and upper-chest was also causing mucus to constantly come out of my nose during those ten (10) days of suffering.

22. The intense pain from the burning sensation in my stomach and upper-chest also made it difficult to sleep at night during those ten (10) days of trying to flush the chemical substance out of my system.

23. So when the prison administrators never responded to my request slip that I sent to them on September 7, 2018, I filed an official inmate grievance under number 760230 on September 21, 2018.

24. Because force is not authorized as a means of punishment or revenge under DC-ADM 201, III. Policy (A)(1-7)(C) and (D).

25. So every use of force incident shall be reviewed by the facility manager for: (1) Policy violations; (2) Appropriateness of staff/inmate

5

interaction; (3) Appropriateness of staff actions; (4) Training needs as they relate to the decision making of the staff involved; (5) Appropriateness of the level of force used; (6) Any potentially problematic issues; and (7) Recommendation(s) of follow-up actions under DC-ADM 201, section 2.

26. The facility manager may request the office of the secretary to order an investigation of the use of force incident; (2) The office of the secretary shall review the incident for compliance with policy and procedure; and (3) The office of the secretary shall provide direction and/or order an investigation, as needed, based upon the review under DC-ADM 201, section 2(B).

27. Use of force can consist of a show of force (non-aggressive) or the physical contact with an offender in a confrontational situation to control behavior and enforce order. Use of force includes use of restraints (other than for routine transportation and movement), chemical agents, and weapons.

28. At the time of this incident when CO Warford poisoned my food-tray through the unlawful use of some kind of chemical substance the Department of Correction had two (2) policies in place governing the reporting of abuse to inmates DC-ADM 001 and DC-ADM 804.

29. Under DC-ADM 001, an inmate can raise a dispute in one of three ways: (1) "Report it verbally or in writing to any staff member"; (2) "File a grievance in accordance with [the grievance policy]"; or (3) "Report it in writing to the Department's office of professional responsibility (OPR), now the office of special investigation and intelligence (OSII).

30 Once an inmate reports abuse, all subsequent procedures are to be conducted at the initiative of the prison administrators i.e., Superintendent Brittain, Deputy Superintendent's White and Meintel, Major Nathan Wynder and Captain Reese (hereinafter, "the prison administrators)

31. Once a complaint of abuse is received, a prison staff member "shall complete" form DC-121 (report of extraordinary occurrence-Part 3. employee report of incident).

32. Then form DC-121 must be distributed to a supervisor and the facility' s security office.

33. once form DC-121 is received by the security office, the incident "shall be investigated and an investigative report shall be compiled" for

submission to OSII.

34. OSII is tasked with reviewing the security office's findings for integrity and thoroughness, and remanding the matter to the facility manager if further investigation is required.

35. If the matter is remanded, the facility manager has 30 days to conduct a follow-up investigation, address OSII's concerns, and resubmit the report.

36. Once OSII accepts the matter, it has 30 working days to complete its own review and respond to the inmate in writing.

37. However, the prison administrators never followed the required procedures in order to cover-up how their colleague has poisoned Plaintiff's food-tray through the unlawful use of a chemical substance.

38. Because there are three (3) high-tech video cameras on the housing unit wing where I am housed on B-wing of A-block to monitor the activity on the wing.

39. So I informed Captain Reese that the video cameras had to pick-up CO Warford putting some kind of chemical substance in my food-tray or taking it out of view of the cameras to put the chemical substance in my food-tray in order to avoid detection.

40. However, the unit manager Ms. Pawling said when she spoke with Captain Reese about CO Warford being accused of poisoning Plaintiff's food-tray with some kind of chemical substance. Captain Reese said that he could not specifically identify CO Warford on the video footage.

41. The unit manager Ms. Pawling also said that she spoke with CO Warford on October 10, 2018, and he indicated that he could not recall whether he was on the block on the particular date and time in question.

42. The high-tech video cameras did however pick-up CO Chandler collecting a commissary slip off-of my cell-door at (42-cell), on B-wing of A-block on November 27, 2017.

43. The Plaintiff's grievance was denied by Lt. Chomisac on October 10, 2018, and Plaintiff's second level appeal to Superintendent Brittain was denied on October 17, 2018, and Plaintiff's final Appeal to Central Office was denied by Keri Moore on November 2, 2018 on behalf of Dorina Varner.

7

2.

      See pages 4-7.

3.

      See pages 4-7.

## V.  RELIEF

(State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.)

1.    To hold CO Cory Warford liable for subjecting the Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution based on the statement of Claims in this complaint.

2.    To hold the prison administrators liable because they acquiesced and were deliberately indifferent to the Eighth Amendment Constitutional Violation of Plaintiff's right to be free from cruel and unusual punishment. Because the prison

3.    administrators ignored and failed to follow and enforce the policies of the Department of Corrections with the knowledge that CO Warford stood accused of poisoning the Plaintiff's

food-tray through the unlawful use of a chemical substance.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _28ᵗʰ_ day of _JANUARY_ , 20 _20_ .

_Haddrick Byrd_
(Signature of Plaintiff)

9

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HADDRICK BYRD,               :     Civil No. 1:19-CV-59
                             :
        Plaintiff,           :
                             :
    v.                       :
                             :
SUPERINTENDENT BRITTAIN,     :
et al.,                      :
                             :
        Defendants.          :     Judge Sylvia H. Rambo

## O R D E R

For the reasons outlined in the accompanying memorandum, the court shall **GRANT** the motion to dismiss in part, dismissing all of Plaintiff's claims other than his First Amendment freedom of expression claim against Defendants C/O Chandler, Lieutenant Comisac, Superintendent Brittain, and Chief Grievance Officer Dorina Varner.  Plaintiff will also be permitted to pursue both injunctive relief and damages against those defendants.  Plaintiff's retaliation claim is **DISMISSED WITH LEAVE TO REPLEAD**, if he so chooses, **WITHIN TWENTY-ONE DAYS** of entry of this order. Plaintiff's Eighth Amendment claim, and his claims against all other defendants, are **DISMISSED WITH LEAVE TO FILE AS PART OF A SEPARATE LAWSUIT.**

*/s/ Sylvia H. Rambo*
Judge Sylvia H. Rambo
United States District Judge

Date: January 15, 2020

JS 44 (Rev. 11/15)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Haddrick Byrd, AF-5828
SCI-Frackville

## DEFENDANTS

Superintendent Brittain, et al.,

**(b)** County of Residence of First Listed Plaintiff   Schuylkill
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Schuylkill
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
1111 Altamont Blvd.
Frackville, PA. 17931

Attorneys *(If Known)*
Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA. 17050

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government
Plaintiff
- ☒ 3   Federal Question
*(U.S. Government Not a Party)*
- ☐ 2   U.S. Government
Defendant
- ☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☒ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 42 U.S.C § 1983

Brief description of cause:   Civil Rights Complaint

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 100,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE   N/A   DOCKET NUMBER   N/A

DATE   January 28, 2020

SIGNATURE OF ATTORNEY OF RECORD   Haddrick Byrd

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

Haddrick Byrd, AF-5828
SCI-Frackville
1111 Altamont Blvd.
Frackville, PA. 17931

United States District Court
Office of the Clerk
235 N. Washington Avenue
P.O. Box 1148
Scranton, PA. 18501                                January 28, 2020

RE: Civil Rights Complaint Filing

Greetings Clerk of Court:

Enclosed please find six (6) copies of a civil rights complaint, one for each of the named defendants, Plaintiff's "application to proceed in forma pauperis", and the "authorization form", along with two (2) "Notice of a lawsuit and request to waive service of a summons", and Two (2) "Waiver of the service of summons" for each defendant as well. Thank you for your time, attention and assistance in the filing of these documents with the court.

Sincerely,

Haddrick Byrd

Haddrick Byrd

INMATE MAIL
PA DEPT OF CORRECTIONS



U.S. POSTAGE

ZIP 17932
02 4W
0000364159 JA

PRESS FIRMLY TO SEAL          PRESS FIRM

*This envelope is made from post-consumer waste. Please recycle - again.*



# UNITED STATES
# POSTAL SERVICE®

# PRIORITY®
# MAIL



USPS TRACKING #

9114 9011 5981 5020 1797 86

Label 400 Jan. 2013
7690-16-000-7948

- Date of delivery specified*
- USPS TRACKING™ included to many ma
  international destinations.
- Limited international insurance.
- Pick up available.*
- Order supplies online.*
- When used internationally, a customs
  declaration label may be required.

  * Domestic only

To schedule free
Package Pickup,
scan the QR code.



USPS.COM/PICKUP

P S 00001000014

EP14F Oct 2018
OD: 12 1/2 x 9 1/2

FROM: Haddrick BYRD, AF-58
SCI-Frackville
1111 Altamont Blvd
Frackville, PA. 17931

RECEIVED
SCRANTON

JAN 31 2020

PER _____
DEPUTY CLERK

TO:

United States District Courthouse
Office of the Clerk
235 N. Washington Avenue
P.o. Box 1148
Scranton, PA. 18501

● Domestic only.   ℍ For Domestic shipments, the maximum weight is 70 lbs. For International shipments, the maximum weight is 4 lbs.