# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HADDRICK BYRD, | : | Civil No. 3:20-CV-00164 |
| Plaintiff, | : | |
| v. | : | Judge Jennifer P. Wilson |
| KATHY BRITTAIN, *et al.*, | : | |
| Defendants. | : | Magistrate Judge Karoline Mehalchick |

## MEMORANDUM

This is a prisoner civil rights case under 42 U.S.C. § 1983 that is currently before the court on Defendants' motion to dismiss, a report and recommendation issued by Chief United States Magistrate Judge Karoline Mehalchick, which recommends that the motion be granted in part and denied in part, and both parties' objections to the report and recommendation. For the reasons that follow, the report and recommendation is adopted in its entirety.

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Haddrick Byrd ("Byrd") initiated this case through the filing of a complaint under 42 U.S.C. § 1983 on February 3, 2020. (Doc. 1.) Byrd, an inmate in the State Correctional Institution in Frackville, Pennsylvania ("SCI-Frackville"), alleges that a correctional officer named Cory Warford ("Warford") poisoned his food on September 5, 2018. (*Id.*) Byrd brings claims for the alleged poisoning against Warford and against Warford's supervisors Kathy Brittain, Lori White, J.

1

Meintel, Nathan Wynder, and Robert Reese (collectively referred to as "Supervisory Defendants"). (*Id.*)

Defendants moved to dismiss the complaint for failure to state a claim upon which relief could be granted on June 12, 2020. (Doc. 19.) Judge Mehalchick addressed the motion to dismiss in a report and recommendation on December 2, 2020. (Doc. 27.) Judge Mehalchick recommends that the motion to dismiss be granted in part and denied in part. (*Id.* at 12.) Specifically, Judge Mehalchick recommends that the claims against Defendant Warford be allowed to proceed, but that the claims against the Supervisory Defendants be dismissed without prejudice because the complaint fails to allege their personal involvement in the alleged violation of Byrd's civil rights. (*Id.* at 6–12.)

Both parties have objected to the report and recommendation, and Defendants have additionally filed a brief in support of their objections. (Docs. 28–30.) No further briefs have been filed, and the time for doing so has expired. Accordingly, the report and recommendation and the associated objections are now ripe for the court's review.

## STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the district court is required to conduct a de novo review of the contested portions of the report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3);

*Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district court may accept, reject, or modify the magistrate judge's report and recommendation in whole or in part. 28 U.S.C. § 636(b)(1). The district court may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.* "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than

3

conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

In determining whether to dismiss a complaint brought by an unrepresented litigant, a district court must interpret the complaint liberally. *Sause v. Bauer*, 585 U.S. __, 138 S. Ct. 2561, 2563 (2018). The complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, unrepresented litigants "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## DISCUSSION

Because the parties object to different portions of the report and recommendation, the court will analyze the objections separately. The court begins its analysis with Byrd's objections. Byrd objects to the conclusion that he has failed to state a claim upon which relief may be granted against the Supervisory Defendants. (Doc. 28.) He argues that he has sufficiently alleged the Supervisory Defendants' personal involvement in the alleged civil rights violations because he has alleged that they failed to properly investigate the alleged poisoning

and because they acquiesced in the alleged poisoning by failing to hold Defendant Warford responsible for it. (*Id.*)

For a defendant to be held liable for violation of a plaintiff's civil rights, the defendant must have personal involvement in the alleged wrongs. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). A complaint therefore must plead a defendant's personal involvement in order to survive a motion to dismiss, which can be accomplished by alleging "the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct." *Chavarriaga v. N.J. Dep't of Corrs.*, 806 F.3d 210, 222 (3d Cir. 2015).

In this case, the court agrees with Judge Mehalchick's conclusion that the complaint fails to plead the Supervisory Defendants' personal involvement in the alleged wrongs. The complaint does not allege that the Supervisory Defendants were personally involved in the alleged act of poisoning Byrd. The only allegations against the Supervisory Defendants pertain to the manner in which they investigated and adjudicated Byrd's grievances about the alleged poisoning. (*See* Doc. 1.) This after-the-fact involvement in Byrd's grievances is not sufficient to allege the Supervisory Defendants' personal involvement. *See, e.g.*, *Longo v. SCI Camp Hill*, No. 3:17-CV-02104, 2019 WL 1141084, at *5 (M.D. Pa. Jan. 14, 2019) ("An inmate cannot sustain a constitutional tort claim against prison supervisors based solely upon assertions that officials failed to adequately investigate or

5

respond to his past grievances."), *report and recommendation adopted*, No. 3:17-CV-1204, 2019 WL 1139488, at *1 (M.D. Pa. Mar. 12, 2019); *accord Mayo v. Wetzel*, No. 3:13-CV-01174, 2015 WL 3935372, at *6 (M.D. Pa. May 28, 2015), *report and recommendation adopted*, No. 13-CV-01174, 2015 WL 3939287, at *1 (M.D. Pa. (June 26, 2015). The complaint therefore fails to allege the Supervisory Defendants' personal involvement, and the court will accordingly dismiss the claims against those defendants.

Turning to Defendants' objections, Defendants argue that the claims against Defendant Warford should be dismissed because the complaint does not make any allegations from which it could plausibly be inferred that Warford intentionally poisoned Byrd. (Doc. 30 at 5–6.)

The court disagrees. The complaint alleges that Warford and other corrections officers were delivering meals on the date of the incident when they ran out of food trays. (Doc. 1 ¶ 6.) Warford took "about five to ten minutes" to get more food trays, returned to the cell block, and gave Byrd "the food tray that he had placed on the bottom of the stack." (*Id.* ¶¶ 7, 10.) Byrd then ate the food and immediately experienced "an intense burning sensation inside of [his] stomach and upper-chest that was very painful." (*Id.* ¶ 11.)

Giving the complaint a liberal construction and making all reasonable inferences in Byrd's favor, these allegations are sufficient to allege that Warford

6

poisoned Byrd's food. Byrd immediately experiencing stomach and chest pain after eating the food from his tray is sufficient to infer that there was poison in the food, and the allegation that Warford gave Byrd the tray from the bottom of the stack is sufficient to infer that Warford was intentionally giving the poisoned food to Byrd rather than other inmates. The complaint also alleges a motive for Warford's actions, as it alleges that Warford and other corrections officers resented Byrd because he had complained to prison officials about the corrections officers whistling while they were in Byrd's housing unit. (Doc. 1 ¶¶ 1–2.) These allegations taken together are sufficient to state a claim for cruel and unusual punishment against Warford.

Accordingly, the court will deny the motion to dismiss with respect to Byrd's claims against Defendant Warford, but grant the motion to dismiss with respect to his claims against the Supervisory Defendants. Before dismissing a civil rights complaint, however, a district court "must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). Here, the court agrees with Judge Mehalchick that amendment of the complaint would be neither inequitable nor futile, and the court will accordingly grant Byrd leave to file an amended complaint.

## CONCLUSION

For the foregoing reasons, the report and recommendation is adopted in its entirety and Defendants' motion to dismiss is granted in part and denied in part. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: January 14, 2021